IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSE C. LISBOA, JR. ) | CASE NO. 1:10CV0617 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE DAN AARON POLSTER |
| v. ) | |
| ) | |
| COURT OF COMMON PLEAS ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY, OHIO ) | AND ORDER |
| ) | |
| Respondent. | |

Petitioner *pro se* Jose C. Lisboa, Jr, ("Lisboa"), is in custody in Cuyahoga County, Ohio awaiting trial. On September 24, 2004, he pled guilty to aggravated assault and domestic violence and was sentenced to a term of imprisonment of 10 years. *State v. Lisboa*, Case No. CR-04-451451-ZA. In 2008, the state court of appeals vacated his plea and sentence on the ground that the sentence was void and unenforceable, *State v. Lisboa*, 2008 WL 384141 (Ohio App. 8th Dist., Feb. 14, 2008). On September 23, 2008, Lisboa filed a Motion to Dismiss for Lack of Speedy Trial which was denied on February 20, 2009. He then filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

Federal prisoners may, in some circumstances, challenge the execution of their sentences under § 2241. However, this does not usually apply to state prisoners who proceed under § 2254, because § 2254 allows state prisoners to collaterally attack either the imposition or the execution of their sentences." *Allen v. White*, 185 Fed. Appx. 487, 490 (6th Cir. 2006). The Sixth Circuit noted that there is a serious question whether a state prisoner convicted pursuant to a state judgment "may ever proceed under § 2241." *Id.*; *Nedea v. Jackson*, 2008 WL 657854 * 7 (N.D. Ohio, Mar. 6, 2008).

An exception exists in a pre-trial habeas petition where a state prisoner asserts speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *Hoard v. State of Mich., W*L 2291000 * 1 -2 (E.D. Mich., Sep. 19, 2005) ( citing *Atkins v. People of the State of Mich.*, 644 F.2d 543, 547 (6th Cir. 1981)). In other words, the Petitioner must seek a trial in state court, not dismissal of the charges. *Id.*

A state prisoner allowed to bring a § 2241 habeas petition must comply with the restrictions pertaining to a § 2254 habeas. *Salerno v. State,* 2007 WL 1120394 *  5 (W.D. Mich., Apr. 13, 2007) (citing *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006)). This requires presenting the issues in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States,* 875 F.Supp. 620, 622 (D. Neb., 1994). Thus, review of dispositive claims in habeas is not available prior to a state trial. *Salerno,* 2007 WL 1120394 at * 5. *See  Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Boyd v. McFaul*, 2008 WL 302375 *  3 (N.D. Ohio, Feb. 1, 2008).

Lisboa filed a Motion to Dismiss for Lack of Speedy Trial in the state court. But he does not indicate whether he appealed the trial court's denial. In Ohio, speedy trial issues must be reviewed on direct appeal. *Coleman v. Wolfe*,  2007 WL 214400 * 1 (Ohio App. 7 Dist., Jan 26, 2007) (citing *Travis v. Bagley*, 92 Ohio St.3d 322, 323 (2001); *Atkins*. 644 F2d at 548)). Review of the Cuyahoga County Common Pleas Court docket in Case No. CR-04-451451-ZA shows that Lisboa did not appeal the denial of his Motion for Speedy Trial.

The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. *Klopfer v. State of N. C,*, 386 U.S. 213,

222-223 (1967). Section 10, Article I of the Ohio Constitution also provides for a speedy public trial. *State v. Ladd*, 56 Ohio St.2d 197, 200 (1978). Ohio's statutory speedy trial rights are found in R.C. 2945.71.[1] Lisboa did not bring his claim under the Constitution. A violation of a state speedy trial law by state officials, by itself, does not present a cognizable federal claim that is reviewable in a habeas petition. *Hoard*, 2005 WL 2291000 * at 1 -2 (citing *Burns v. Lafler*, 328 F.Supp.2d 711, 722 (E.D. Mich., 2004)).

Accordingly, because Lisboa is seeking dismissal of his state criminal case, has not exhausted his state remedies and violation of state law cannot be considered, the Petition for Writ of habeas corpus is denied. *See* 28 U.S.C. § 2243.[2]

IT IS SO ORDERED.

Date: *5/17/10*  /s/*Dan Aaron Polster*
JUDGE DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] The Ohio Supreme Court has held that Ohio's speedy trial statute, R.C. 2945.71 does not apply to criminal convictions overturned on appeal. *State v. Hull*, 110 Ohio St.3d 183 (2006). Because Lisboa is seeking dismissal of his criminal case, and has not exhausted his state remedies, the Court need not consider whether a the delay in affording Lisboa a trial was reasonable under the Sixth Amendment. The Ohio Constitution also does not present a claim reviewable in a habeas petition.

[2] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.